N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM RUSSELL ROBERTS,

                              Plaintiff,                         OPINION AND ORDER

        v.                                                       20-cv-299-wmc

LEE ANNE GALLAGHER,
MAPFRE INSURANCE d/b/a THE
COMMERCE INSURANCE COMPANY,
VOLKSWAGON GROUP OF AMERICA, INC.,
LIBERTY MUTUAL INSURANCE,
HERTZ GLOBAL HOLDINGS, INC.,
ENTERPRIZE RENTAL COMPANY, and
NORTHERN ARIZONA HEALTHCARE,

                              Defendants.

        In this civil action ("the '299 case"), *pro se* plaintiff William Roberts has again sued

numerous individuals and entities for injuries he incurred following an automobile accident

that occurred in Arizona on April 26, 2017.  In Case No. 19-cv-331 ("the '331 case"),

Roberts initially brought claims against defendants Lee Anne Gallagher, Nina J. Foppe,

MAPFRE Insurance, EAN Holdings LLC (also referred to as "Enterprise Rental Company,"

"Enterprise Holding, Inc.," all of which will be referred to in this opinion as "Enterprise"),

Volkswagon Group of America, Northern Arizona Healthcare Corporation ("NAHC")

(referred to by Roberts as "Northern Arizona Healthcare"), Liberty Mutual Insurance,

Joseph Ezra Roberts (hereinafter "Joseph Roberts"), Joyson Safety Systems, Inc., Dollar

Thrifty Group, Hertz Global Holdings, Inc., Hertz Vehicles LLC, Dollar Thrifty

Automotive Group, Inc, and "Hertz Corporate Headquarters."  Then, in April 2020,

Roberts filed this second lawsuit, asserting the same claims but omitting as defendants

Joseph Roberts, Foppe and Joyson, while naming Hertz Global Holdings, Inc., rather than

multiple entities associated with Hertz.  Also, in this lawsuit, Roberts describes defendant MAPFRE Insurance as "d/b/a The Commerce Insurance Company."  In   both   lawsuits, Roberts purported to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332.

The defendants in each lawsuit filed motions to dismiss on several grounds, including lack of subject matter jurisdiction, personal jurisdiction, venue, inadequate service of process and for failure to state a claim upon which relief can be granted.  (No. '331, dkt. ##24, 35, 43, 45; No. '299, dkt. ##4, 11, 15, 20, 47.)[1]  In an order dated December 3, 2020, the court concluded that the '331 case had to be dismissed for lack of subject matter jurisdiction, and that this case was subject to dismissal for the same reason. While dismissing the '331 case without prejudice for lack of subject matter jurisdiction, however, the court gave Roberts the opportunity to amend his complaint in this case, to allege sufficient facts for the court to determine diversity of citizenship.

Roberts timely submitted an amended complaint that includes allegations of each of the defendant's citizenship.  (Dkt. #58.)[2]  Having reviewed his amended allegations, the court is satisfied that his allegations are sufficient to invoke this court's subject-matter

---

[1]  The Commerce and Enterprise defendants also seek dismissal of this lawsuit because it improperly splits Roberts' claims between two lawsuits (*see* dkt. #21, at 2-4), and Volkswagon seeks dismissal as duplicative of the '331 case (dkt. #48, at 3-4).  Volkswagon's argument is on point:  Roberts' allegations against it are identical to the '331 case, and as explained above, the parties are almost identical.  However, given that the '331 case has already been dismissed without prejudice for lack of subject matter jurisdiction, the court declines to dismiss the '299 as duplicative.  *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (district courts have broad discretion to dismiss a complaint "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court") (quotation marks and citations omitted).

[2]  Roberts includes Hertz Global Holdings, Inc., as a defendant.  However, this defendant was previously dismissed from this lawsuit without prejudice, upon notice of suggestion of bankruptcy. (Dkt. #28.)  That dismissal remains effective as to those defendants.

jurisdiction.  Accordingly, the court turns to defendants' motions to dismiss.  Although only raised by Liberty Mutual, the court finds that venue is improper in this district.  Under 28 U.S.C. § 1406(a), therefore, the court will transfer this *pro se* action to the District of Arizona, warts and all.

### ALLEGATIONS OF FACT[3]

On April 25, 2017, Roberts' brother, defendant *Joseph* Roberts, rented a 2016 Volkswagon Jetta from Thrifty car rental in Phoenix, Arizona.  That evening, plaintiff Roberts and another individual drove that car to Flagstaff, Arizona.  The following day, April 26, Roberts and his companion drove to the Grand Canyon.  As Roberts was driving away on State Road 64 in Coconino County, Arizona, he got into a head-on collision with defendant Lee Gallagher.  According to Roberts, after the accident, Gallagher told him that another vehicle pulled out in front of her, which was why she turned into his lane.  Roberts also says Gallagher admitted taking her hands off the wheel before the collision to protect her passenger.

Roberts was next transported from the scene of the collision to Flagstaff Medical Center (operated by NAHC), where he was admitted to intensive care with contusions on his heart and elevated blood pressure.  However, he was discharged from the hospital without seeing a cardiologist.

---

[3]  In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and making reasonable inference in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Almost a year later, on March 10, 2018, Roberts suffered cardiac arrest from blockages in his heart and was transported by helicopter to Eau Claire, Wisconsin, where he underwent a double bypass. Roberts claims that his blockages were due to the airbag of his Volkswagon rental care deploying violently and improperly. Roberts also claims Volkswagon and Hertz should have known that the vehicle's airbags were problematic, claiming product liability and negligence. Finally, he claims that Gallagher failed to operate her vehicle properly.

OPINION

Gallagher and MAPFRE ("the Commerce Defendants"), NAHC, Liberty Mutual, Enterprise and Volkswagon seek dismissal on differing grounds, but the court begins and ends with Liberty Mutual's motion to dismiss on venue grounds.

Specifically, Liberty Mutual seeks dismissal on the grounds that this court is an improper venue for Roberts' claims under Fed. R. Civ. P. 12(b)(3), and because Robert has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). ('299 case, dkt. #15.) Since Liberty Mutual has established that the Western District of Wisconsin is an improper venue for this lawsuit, the court will grant its motion on that basis alone.

Under 28 U.S.C. § 1391(b), since there is no question that this suit *could* have been brought in Arizona, excluding § 1391(b)(3) as a basis for venue, a civil action may also be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a

4

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located."  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

There is no dispute that Roberts' claims, such as they are, arose from an auto accident and subsequent health care that took place in Arizona, so venue is not proper under § 1391(b)(2).  That Roberts subsequently suffered a heart attack in Wisconsin is not a basis to conclude that the substantial part of the events giving rise to his claims took place in this district.  Indeed, he expressly alleges the heart attack itself arose out of multiple acts of negligence that all took place in Arizona.  As a result, the heart attack relates only to his alleged damages, not to any of the defendants' alleged wrongdoing.  *See Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 965 (N.D. Ill. 2008) ("The fact that [the plaintiff] alleges to have suffered from his injuries after returning to Illinois does not constitute a 'substantial part of the events or omissions giving rise to the claim.'").

Nor is venue appropriate under § 1391(b)(1).  Roberts has not suggested that all the defendants reside in the State of Wisconsin for purposes of venue; nor could he reasonably take that position.  For venue purposes, a natural person that is a resident of the United States is deemed to reside in the judicial district in which that person is domiciled.  28 U.S.C. § 1391(c)(1).  A defendant entity is deemed to reside in the district where it is subject to the court's personal jurisdiction.  *Id.* § 1391(c)(2).  Although plaintiff Roberts alleges that *he* is a resident and citizen of Wisconsin, a plaintiff's state of residency

5

is not a basis for venue under § 1391(c). Given that he alleges that Gallagher is a citizen of Massachusetts, Roberts has effectively conceded that not all defendants are residents of the State of Wisconsin. Accordingly, venue is improper in this district court.

Finding venue improper in this district court, the question becomes how to resolve the remaining defendants' motions to dismiss. Some district courts have taken the tact of choosing one of three ways to proceed: (1) dismiss the action; (2) transfer the action to another district, provided venue is proper in that district for all defendants; or (3) sever claims, retaining jurisdiction only over those defendants for whom venue is proper, and either transferring or dismissing the case as to those defendants for whom venue is improper. *CCD Holdings, LLC v. Cenergy USA, Inc.*, No. 18-cv-2749, 2019 WL 10369661, at *2 (N.D. Ill. Feb. 6, 2019) (citing *Starr Indem. & Liab. Co. v. Luckey Logistics, Inc.*, No. 116 CV 01377JBMJEH, 2017 WL 2466505, at *6 (C.D. Ill. June 7, 2017)); *Egan v. Duell*, No. 88 C 4388, 1989 WL 36206, at *5 (N.D. Ill. Apr. 13, 1989); *LaSalle Nat. Bank v. Arroyo Office Plaza, Ltd.*, No. 87 C 463, 1988 WL 23824, at *5 (N.D. Ill. Mar. 10, 1988)).

Here, the best course of action is transfer of this case. Indeed, the Supreme Court has been explicit: when "venue is improper . . . the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).[4]

---

[4] The court reaches this finding despite the Commerce Defendants and NAHC raising personal jurisdiction as additional grounds for dismissal. Federal courts have "leeway to choose among threshold grounds for denying audience to a case on the merits." *In re LimitNone, LLC*, 551 F.3d 572, 576-77 (7th Cir. 2008). And "the Supreme Court has approved . . . of addressing venue before personal jurisdiction." *Id.* (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)).

Finding venue improper in this district court, the court reluctantly concludes that transfer, rather than dismissal, of this action, will serve the interest of justice. In particular, although a number of defendants point out potentially meritorious defenses to the claims against them, it would be premature to conclude that *no* claims may go forward, and this court will not preclude plaintiff an opportunity, however remote, from pursuing those claims in a proper venue, without adding a statute of limitation defense that might not exist if transfer is allowed, rather than dismissal. At the same time, the court would strongly encourage plaintiff to retain a competent personal injury lawyer in Arizona to represent him, as he appears to lack the necessary expertise to proceed on his own and the only reason he is unlikely to find counsel willing to represent him on a contingency basis would likely be because his claims lack any reasonable chance of success.

ORDER

IT IS ORDERED that:

1. Defendant Liberty Mutual Insurance Company's motion to dismiss (dkt. #15) is GRANTED, on the ground that transfer is warranted for improper venue.

2. The remaining defendants' motions to dismiss are DENIED without prejudice as moot.

3. This matter is TRANSFERRED to the District of Arizona.

Dated this 17th day of November, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7